IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TONEY PEREZ PALMER, #204 800    *

    Petitioner,    *

        v.    *    2:03-CV-1132-MEF
                                                                     (WO)

CHERYL PRICE, *et al.*,    *

    Respondents.    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on November 13, 2003, by Petitioner Toney Palmer ("Palmer").  On March 23, 1999, a jury in the Circuit Court for Montgomery County, Alabama, convicted Palmer of first degree robbery.  The trial court sentenced him on May 6, 1999 to 25 years imprisonment.  The Alabama Court of Criminal Appeals affirmed Palmer's conviction and sentence on September 24, 1999 and denied his application for rehearing on November 12, 1999. (Doc. No. 8, Exhs. A, B.).  *See Palmer v. State*, 796 So.2d 451 (Ala.Crim.App. 1999)(Table).

Palmer filed a Rule 32 petition on January 19, 2000.  Following a hearing on the petition, the trial court denied Palmer's post-conviction petition by order dated April 4, 2000.  On July 20, 2000 the Alabama Court of Criminal Appeals dismissed Palmer's July 12, 2000

appeal from the trial court's decision as untimely. On November 22, 2000 Palmer filed a motion to re-open his Rule 32 petition. Believing the motion to have been denied by operation of law when the trial court failed to issue a ruling on the pleading within 60 days, Palmer filed notice of appeal on January 25, 2001. The Alabama Court of Criminal Appeals issued a certificate of dismissal on January 31, 2001 denying the appeal as untimely. (Doc. No. 8, Exh. A.)

Palmer filed a second Rule 32 petition on May 9, 2001. Among the issues raised by Palmer was a claim that his failure to file a timely appeal from the denial of his first Rule 32 petition was through no fault of his own. The trial court denied the petition on June 12, 2001 as successive and Palmer appealed. On May 31, 2002 the Alabama Court of Criminal Appeals remanded Palmer's second post-conviction petition to the trial court for a determination as to whether Palmer had an opportunity to file a timely notice of appeal of the denial of his first Rule 32 petition. In an order dated June 7, 2002 the trial court concluded that Palmer's failure to appeal the denial of his first Rule 32 petition in a timely fashion was excusable and granted him an out-of-time appeal. On April 18, 2003 the Court of Criminal Appeals affirmed the denial of Palmer's first post-conviction petition. Palmer's application for rehearing was denied on May 23, 2003. *See Ex parte Palmer*, 886 So.2d 911 (Ala. 2003)(Table). The Alabama Supreme Court denied his petition for writ of certiorari and entered a certificate of judgment on August 15, 2003. (Doc. No. 8, Exhs. A, A1, A2.)

In his petition filed on November 13, 2003 Palmer presents the following claims for relief:

1. The state court abused its discretion during Palmer's Rule 32 proceedings because (a) the merits of the factual dispute were not resolved (at the hearing), (b) the factual determination is not fairly supported by the record, (c) the fact-finding procedure employed by the court was not adequate to afford Palmer a full and fair hearing, (d) the material facts were not adequately developed at the hearing, and (e) the court failed to appoint counsel to protect Palmer's rights at the hearing;

2. The state court abused its discretion by failing to make specific findings of fact relating to each material issue of fact presented by Palmer in his Rule 32 petition;

3. The decision issued by the Court of Criminal Appeals on appeal from the denial of the Rule 32 petition contains both factual and legal errors of law that affect the underlying reasons used by the court in affirming the state court's ruling and is contrary to established federal and state law;

4. Palmer was deprived of a fair and impartial trial resulting from a lack of competent counsel as required by the Alabama Constitution, Art. I, Sec. 6, and the United States Constitution, Amendments VI and XIV; and

5. Palmer received ineffective assistance of appellate counsel.

(Doc. No. 1.)

Respondents filed an answer to the petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. They contend that, with the exception of Palmer's allegation concerning the trial court's failure to make specific findings of fact in its order denying Palmer's Rule 32 petition, his claims are procedurally defaulted because they were not raised in accordance with the state's procedural rules. Respondents further argue that Palmer's issues concerning the state courts' rulings fail to provide a basis for habeas relief. (*See* Doc. No. 8.)

Palmer has responded to the Respondents' contentions. (*See* Doc. No. 17.) After reviewing the § 2254 petition, Respondents' answer, and Palmer's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. *The State Court Rulings*

Palmer asserts that the Alabama Court of Criminal Appeals' decision affirming the denial of his post-conviction petition contained factual and legal errors which undermined the basis for its decision affirming the Rule 32 court's ruling and was also contrary to both state and established federal law. Palmer also maintains that the Rule 32 court abused its

discretion when it failed to make specific factual findings with regard to the claims contained in his petition and by failing to afford him a full and fair evidentiary hearing

A federal court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Thus, demonstration of a violation of the Constitution is necessary before a federal court may entertain a petition for writ of habeas corpus.

Palmer's allegation that the appellate court's decision to affirm the state court's denial of his Rule 32 petition constituted an incorrect application of state law in violation of due process does not entitle him to habeas relief. This claim arises solely under the purview of state law, does not implicate the Constitution, and otherwise fails to provide a basis for habeas relief. To the extent Palmer bases this claim on alleged violations of state law, he is likewise entitled to no relief as a state court's interpretation of its own laws and rules are not grounds for relief in a federal habeas proceeding. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Further, states have no constitutional obligation to provide collateral review. *See Murray v. Giarratano*, 492 U.S. 1, 6-8 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 n.2 (11th Cir. 1991).

Palmer's dissatisfaction with the appellate court's decision to affirm the trial court's denial of his collateral petition, along with his contentions that the state post-conviction court denied him a full and fair evidentiary hearing and failed to make specific findings of fact, fail to state claims on which habeas relief can be granted.[1] Respondents are correct that

---

[1] During Palmer's Rule 32 hearing, the state court specifically questioned him with respect to the arguments he wished the court to consider. The state court confirmed with Palmer that the sole issue he wanted to argue was whether he was properly arraigned before trial. The post-conviction court, noting that this issued had been raised and addressed on appeal, entered an order denying Palmer's Rule 32 petition.

On appeal from the denial of Palmer's post-conviction petition, the Alabama Court of Criminal Appeals determined:

> In addressing Palmer's contention that the circuit court abused its discretion by failing to make specific findings of fact regarding each material issue of fact presented, we agree with the circuit court that Palmer waived or abandoned the issues asserted in his petition except for the contention of the trial court's failure to arraign him. In light of the following, the circuit court could reasonably conclude[] that Palmer had abandoned all but the one issue: . . .
>
> Thus, we put, into proper context, Palmer's contention that the circuit court failed to make specific factual findings: whether the court erred in failing to make specific findings in regard to Palmer's assertion that the trial court erred in failing to arraign him. The circuit court properly found that this issue was precluded because it had been presented on appeal, Rule 32.2(a)(4). No additional finding was necessary.
>
> Based on our finding that Palmer abandoned the remaining issues asserted in his petition, we need not consider them on appeal.

(*See* Doc. No. 8, Exh. A - Transcript of Rule 32 Hearing & Exh. A-1 at pgs. 3-6.)

Thus, even if Palmer's assertion with respect to the trial court's failure to make specific findings of fact at his Rule 32 hearing warranted federal review, such review would be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2). *Williams v. Taylor*, 529 U.S. 362 (2000). Under these sections, habeas relief is appropriate only when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)." *Price v. Vincent*, 538 U.S. 634, 640 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively

these are non-cognizable claims. *See Quince v. Crosby,* 360 F.3d 1259, 1261-62 (11th Cir. 2004); *Spradley v. Dugger,* 825 F.2d 1566, 1568 (11th Cir. 1987). These claims do not in any way undermine the validity of Palmer's conviction but, rather, go to issues unrelated to the cause of his detention and consequently do not state a basis for habeas relief. *Id.*; *see also Williams v. Mo.,* 640 F.2d 140, 143-44 (8th Cir. 1981) ("Adequacy or availability of the state post-conviction procedures is [not a proper reason] to review alleged trial errors. ... Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions"); *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986) (holding that § 2254 was

---

unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (citing *Williams*, *supra*) ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). A federal district court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639. The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d) . . ." 538 U.S. at 636, 123 S.Ct. at 1851.

In light of the foregoing – even assuming, *arguendo,* that Palmer's claim regarding the post-conviction court's failure to make specific findings of fact with respect to his Rule 32 petition allows for federal review – such claim would not entitle him to relief as the state courts properly adjudicated the claim on the merits. *Williams*, 529 U.S. at 404-405. Specifically, the decision of the post-conviction court on this particular issue, as affirmed by the state appellate court, was not contrary to, or an unreasonable application of, federal law nor an unreasonable determination of the facts in light of the evidence presented to the state court.

not available to challenge "a denial of the sixth amendment right to effective assistance of counsel, a denial of due process, and a denial of equal protection in the State post-conviction proceedings -- claims unrelated to his detention").

B.    ***Procedural Default***

Respondents assert that Palmer has procedurally defaulted his claims that he received ineffective assistance of trial and appellate counsel. In support of their default argument, Respondents maintain that these claims were not presented properly in accordance with the State's procedural rules. Specifically, Respondents assert that Palmer abandoned these claims at his Rule 32 hearing. *See Teague v. Lane*, 489 U.S. 288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997).

This court may reach the merits of Palmer's procedurally defaulted claims only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

The court afforded Palmer an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this

failure. In an effort to meet his burden of establishing cause and prejudice or a miscarriage of justice, the court understands Palmer to allege that he lacked counsel during his post-conviction proceedings and that this court should address his claims on the merits in order to avoid a fundamental miscarriage of justice because he is actually innocent of first degree robbery. (Doc. No. 17.)

With respect to Palmer's assertion that he lacked the assistance of counsel during his Rule 32 proceeding, this contention, standing alone, does not establish cause absolving a procedural default. The Sixth Amendment does not entitle a petitioner to assistance of counsel during post-conviction proceedings. *See Coleman*, 501 U.S. at 752; *Gholston*, 947 F.2d at 911. To demonstrate cause sufficient to excuse a procedural default, Palmer must establish that an objective impediment, not of his own making, denied him the opportunity of properly presenting his claims to the state courts and which cannot be fairly attributable to his own conduct. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992); *see also Smith v. Newsome*, 876 F.3d 1461, 1465-66 (11th Cir. 1989) (petitioner's argument that his status as a *pro se* litigant established cause for his procedural default unpersuasive). Therefore, Palmer's assertion that he proceeded without the assistance of counsel during his post-conviction proceedings cannot constitute cause sufficient to overcome his default in this court.

The court has thoroughly reviewed the response submitted by Palmer. In his response, Palmer demonstrates neither cause for his failure to present those claims considered defaulted

9

to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.

Even though Palmer has failed to establish cause for his default, the court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice. The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray*, 477 U.S. at 496). To meet this standard, a petitioner "must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Palmer presents no evidence nor suggests that any exists which demonstrates the requisite showing of actual innocence. Thus, his procedurally defaulted claims are foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Toney Palmer be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 10, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE